## Chicago & N. W. Ry. Co. v. Lorin A. Davis.

1. CONTINUANCES—*On Amendments of Pleadings.*—Where the declaration in a civil suit is amended and the defendant moves for a continuance, supporting his motion by affidavit showing surprise and the necessity of other witnesses to meet the new case made by the amendment, it is error to refuse the continuance.

2. DAMAGES—*Destruction of Old Buildings.*—Where a party sues for the destruction of an old and dilapidated building by fire, it is error to allow witnesses to make and testify to estimates on the cost of new lumber, including the cost of labor and construction of another building.

**Trespass on the Case,** for damages sustained by the destruction of a building by fire. Trial in the Circuit Court of Kane County; the Hon. CHARLES A. BISHOP, Judge, presiding. Verdict and judgment for plaintiff. Appeal by defendant. Heard in this court at the May term, 1898. Reversed and remanded. Opinion filed September 26, 1898.

BOTSFORD, WAYNE & BOTSFORD, attorneys for appellant.

J. F. SNYDER and N. J. ALDRICH, attorneys for appellee; THEODORE WORCHESTER, of counsel.

MR. JUSTICE CRABTREE delivered the opinion of the court.

This was an action on the case brought by appellee against appellant, to recover damages for the destruction by fire of an ice house, partly standing on land of appellee adjoining appellant's railway, the other portion being upon the railroad right of way.

The building was erected about 1872 or 1873, by J. P. Smith & Co., who had a lease from the then owner of the land, one D. K. Town, and also from appellant.

J. P. Smith & Co. used the building more or less, for storing ice, until about the commencement of the year 1890, when, owing to its dilapidated condition, but little use was made of it thereafter. D. K. Town conveyed the land to Cornelia W. Brown, and on January 27, 1891, she conveyed to appellee. In the deed from Mrs. Brown to appellee, following the warranty clause, was the following: " Except as to

the building lately occupied by J. P. Smith & Company as an ice house; excepting and reserving the right of way for the two above mentioned railways."

The building was some two hundred and fifty feet in length, fifty to sixty feet in width and twenty-eight feet high. At the time of its destruction by fire it had become old and dilapidated, so that on the railroad end it was shoved up by some twenty or thirty props to support it and keep it from falling upon the railroad track. Appellant served a written notice on appellee in June, 1894, to remove the building from its right of way, on the ground that it was a dangerous menace to the safe operating of its railway, and to the employes and passengers upon its trains of cars.

The original declaration contained two counts. The negligence charged in the first count was in allowing grass, weeds and combustible matter to be and remain on the right of way, to which fire from engines operated by appellant was communicated and the building thereby destroyed. The second count charged that appellant was negligent in allowing sparks and brands of fire to escape from its engines and be thrown upon the ice house of which appellee alleged he was then the owner, which set fire to and consumed the same. Appellant filed the general issue and the cause went to trial before a jury. After all the evidence was in and final arguments made, the court, against the objection of appellant, allowed material amendments to the declaration. Appellant thereupon moved for a continuance, supporting the motion by affidavit showing surprise and the necessity of other witnesses and proofs to meet the new case made by the amended declaration.

As the declaration and proofs stood before the amendment, no verdict for the plaintiff could have been permitted to stand, and we think under the circumstances, in the exercise of a sound discretion, the court should have granted the continuance. The motion was denied, however, and the cause went to the jury, who returned a verdict in favor of appellee for $500. Motions for a new trial and in arrest of judgment were entered by appellant and overruled by the court, and appellant brings the case to this court by appeal.

We think the court in overruling the motion for a continuance committed error.

Complaint is made as to the admission of so-called expert testimony as to the value of the building destroyed. The plaintiff did not claim to own any portion of the building which stood on the railroad right of way, even if it be conceded he owned that part which stood on his own land, which is disputed by appellant. It is clear, therefore, he could not recover for the loss of the building as a whole, and he only insisted upon a right to recover for the value of that portion he claimed to own. Yet the witnesses were allowed to make and testify to their estimates on the cost of new lumber, and also to include in their estimates the cost of labor in construction. This was error. The proofs show the building was old and dilapidated, having stood for an ice house for some twenty-two years, that it was in a tumbling down condition, and a preponderance of the competent evidence is that it was worth no more than it would cost to take it down. Evidence as to the cost of new material, and the cost of construction, based upon the estimates of witnesses, some of whom did not know the building, could not fail to be highly injurious to appellant and was certainly calculated to mislead the jury and enhance the damages. We think it was error to admit this evidence.

There was no proof as to the relative value of that portion of the building claimed to be owned by appellee, as compared with that owned by J. P. Smith & Co. All the evidence in the record as to value was confined to the building as a whole, and hence there was no definite evidence upon which the jury could estimate the value of the portion owned by appellee.

If the record were otherwise free from error we would not reverse on account of any fault which is found with the instructions, but for the reasons given the judgment will be reversed and the cause remanded.